UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHY REAVES, ) | Civil Action No.: 4:08-cv-1989-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| COUNTY OF MECKLENBURG, ) | |
| ROBERT A. COVINGTON, BARRY ) | |
| M. STORICK, SHEILA G. PASSENANT, ) | |
| WHITNEY ALLSOPP, and REBECCA ) | |
| THORNE TIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, asserts claims for false arrest, assault, false imprisonment, trespass, and battery. Plaintiff originally filed this action in the Marion County Court of Common Pleas. On May 22, 2008, Defendant County of Mecklenburg (Mecklenburg County) removed the case to this Court pursuant to 28 U.S.C. § 1332. Presently before the Court is Mecklenburg County's Motion to Dismiss (Document # 6). Because Plaintiff is proceeding pro se, the undersigned issued an order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss procedure and the possible consequences if she failed to respond adequately. Plaintiff has not filed a response to Mecklenburg County's Motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this Motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the District Judge.

## II.     FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff's Complaint arises out of her arrest by Marion County Sheriff's officers on May 12, 2007. On May 7, 2007, Mecklenburg County District Court Judge Becky Tin found Plaintiff guilty of criminal contempt for violating her Permanent Modification of Custody and Visitation Order. That same day, officers from the Marion County Sheriff's Department arrived at Plaintiff's home and searched the house for her even though her husband informed them she was not home. On May 8, 2007, Judge Tin issued an order for Plaintiff's arrest (the May 8th order). Plaintiff alleges that Judge Tin sent the order directly to the Marion County Sheriff's Department without going through the proper tribunals. On May 12, 2007, Marion County Sheriff's officers arrived at Plaintiff's house and informed her they had a warrant for her arrest issued by Judge Tin. Plaintiff was arrested, handcuffed and transported to the Marion County Detention Center and placed on hold for Mecklenburg County.

On May 13, 2007, officers from the Mecklenburg County Sheriff's Department arrived at the Marion County Detention Center to pick up Plaintiff and extradite her to North Carolina. Marion county officers informed Plaintiff that North Carolina would have to get permission from the Governor to extradite her to North Carolina. The Mecklenburg County officers left without Plaintiff. Plaintiff was released from the Marion County Detention Center after being held for three days and two nights.

Plaintiff has filed two previous actions arising out of her custody dispute with Defendant Covington, Reaves v. County of Mecklenburg, et al., 4:07-cv-1334-TLW-TER (Reaves I) and Reaves v. Atkinson, et al., 4:07-cv-1727-TLW-TER. Reaves I was filed May 9, 2007. In Reaves I, Plaintiff sued Mecklenburg County, Covington, and several other Defendants, alleging they

-2-

violated the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A. Plaintiff alleged that Judge Tin's granting Covington permanent custody of their child violated her rights. On May 16, 2007, Plaintiff amended her Complaint in Reaves I by attaching the May 8th Order. On February 26, 2008, District Court Judge Terry Wooten granted all Defendants' Motions to Dismiss. Plaintiff filed the present action four days later.

Mecklenburg County asserts that the present case is barred by the doctrine of res judicata based upon the dismissal of Reaves I. It also asserts that dismissal is proper because Plaintiff cannot collaterally attack a valid state court judgment, Plaintiff has stated no allegations that Mecklenburg County or its employees committed any actionable torts, and this Court lacks personal jurisdiction over Mecklenburg County.

### III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th

Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.   DISCUSSION

A.   Rule 41(b), Fed.R.Civ.P.

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response to Mecklenburg County's Motion to Dismiss has been filed. The undersigned concludes the plaintiff has abandoned

this lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that Plaintiff's claims against Mecklenburg County be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

    B.       Motion to Dismiss

Dismissal of the claims against Mecklenburg County is also appropriate pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff fails to state a claim upon which relief may be granted as to Mecklenburg County. Plaintiff alleges in her Complaint that Mecklenburg County is the employer of Mecklenburg County Sheriff's Department and Rebecca Thorne Tin. Plaintiff's allegations are without merit.

In North Carolina, counties do not employ Sheriff's Office employees. See Little v. Smith, 114 F.Supp.2d 437, 446 (W.D.N.C. 2000) (county cannot be sued for sheriff's deputies' alleged use of excessive force because they are not employers of Sheriff's deputies); Clark v. Burke County, 117 N.C.App. 85, 89, 450 S.E.2d 747, 749 (1994) (since sheriff's personnel are employed by the sheriff, not the county, injuries resulting from their actions "cannot result in liability" for the county).

Additionally, North Carolina counties do not employ district court judges like Judge Tin. North Carolina district courts are creations of the State of North Carolina, not individual North Carolina counties. The North Carolina Constitution enabled the North Carolina General Assembly to divide North Carolina courts into divisions, prescribe where district courts sit, and prescribe the jurisdiction and powers of the District Courts of North Carolina. North Carolina Constitution, Article IV, §§ 10, 12. In the Judicial Department Act of 1965, the North Carolina General Assembly implemented Article IV of the North Carolina Constitution by creating the district court divisions in North Carolina. N.C.G.S. §§ 7A-1, 7A-2. The General Assembly further provided that district courts "shall sit in the county seat of each county." N.C.G.S. § 7A-130. The General Assembly created the

district court division and also prescribed the number of district court judges in each district. N.C.G.S. §§ 7A-130-131. The State of North Carolina, not individual counties, created and established district courts and district court judges' positions. See also N.C.G.S. § 7A-144 (North Carolina judges receive annual salaries provided in the state budget, and receive reimbursement on same basis as state employees.).

Mecklenburg County cannot be liable for the actions of the Sheriff's deputies or Judge Tin. Plaintiff has not set forth any allegations against Mecklenburg County itself. Thus, dismissal of Plaintiff's claims against Mecklenburg County is appropriate, and the Court need not address Mecklenburg County's other arguments.

### C. Other Defendants

None of the remaining Defendants have made an appearance in this action. There is no proof of service on any of the remaining Defendants. This action was filed on March 3, 2008, and removed to this Court on May 22, 2008. More than 120 days have passed since the filing of this action. Thus, because there is no proof of service on any of the remaining Defendants, it is recommended that Plaintiff's claims against those Defendants be dismissed pursuant to Rule 4(m), Fed.R.Civ.P. unless Plaintiff provides proof of service as to these Defendants within the time period proscribed for objections to this Report and Recommendation (see attached notice).

### V. CONCLUSION

In light of the above analysis, it is recommended that Plaintiff's claims against Mecklenburg County be dismissed pursuant to Rule 41(b), Fed.R.Civ.P., or, in the alternative, that Mecklenburg County's Motion to Dismiss (Document # 6) pursuant to Rule 12(b)(6), Fed.R.Civ.P. be granted. It is further recommended that the remaining Defendants be dismissed pursuant to Rule 4(m),

Fed.R.Civ.P. unless Plaintiff provides proof of service as to these Defendants within the time period proscribed for objections to this Report and Recommendation (<u>see</u> attached notice).

                                                        s/Thomas E. Rogers, III
                                                       Thomas E. Rogers, III
                                                       United States Magistrate Judge

January 28, 2009
Florence, South Carolina

**The parties' attention is directed to the important information in the attached notice.**