IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kathy Reaves, | ) | C.A. No. 4:08-1989-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| County of Mecklenburg, Robert Covington, | ) | |
| Barry Storick, Sheila Passenant, Whitney | ) | |
| Allsopp, and Rebecca Thorne Tin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, proceeding *pro se*, brings this action against the defendants claiming false arrest, assault, false imprisonment, trespass, and battery.  On May 30, 2008, Mecklenburg County moved to dismiss this action.

On January 28, 2009, United States Magistrate Judge Thomas Rogers, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the Report").  In his Report, Magistrate Judge Rogers recommends that the Plaintiff's claims against Mecklenburg County be dismissed.  In addition Judge Rogers recommends that the remaining defendants be dismissed, unless the Plaintiff can provide proof of proper service of process.  On February 26, 2009, after the date for filing objections had passed, Plaintiff filed objections to the Magistrate's Report.

This Court is charged with reviewing the Magistrate's Report and the Plaintiff's objections thereto.  In conducting this review, the Court applies the following standard:

1

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and the objections thereto. As to Mecklenburg County, the Court concludes that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, Mecklenburg County's motion to dismiss is **GRANTED** (Doc. # 6) and Plaintiff's claims against Mecklenburg County are **DISMISSED**. As to the remaining defendants, in her objections, Plaintiff was only able to provide proof of service of Defendant Robert Covington. Therefore, under Federal Rule of Civil Procedure 4(m), Barry Storick, Sheila Passenant, Whitney Allsopp, and Rebecca Thorne Tin are **DISMISSED** from this action without prejudice, based on Plaintiff's failure to serve these defendants. Plaintiff's action remains viable against Defendant Robert Covington.

**IT IS SO ORDERED.**

    S/ Terry L. Wooten
    **TERRY L. WOOTEN**
    **UNITED STATES DISTRICT JUDGE**

March 12, 2009

Florence, South Carolina

2