IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kathy Reaves, ) | C/A No.: 4:08-1989-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Robert A. Covington, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

This is a pro se civil rights case filed by Plaintiff on May 22, 2008, pursuant to 42 U.S.C. § 1983. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) (D.S.C.).

I.      Factual Background

Plaintiff originally brought this action for claims of assault, false imprisonment, false arrest, and denial of due process against defendants County of Mecklenburg, Robert A. Covington, Barry M. Storick, Sheila G. Passenant, Whitney Allsopp, and Rebecca Thorne Tin. Compl. at 7 [Entry #1-2]. The claims stem from Plaintiff's arrest and imprisonment in Marion County. On January 28, 2009, the Honorable Thomas E. Rogers recommended the County of Mecklenburg's motion to dismiss be granted for failure to state a claim upon which relief can be granted. [Entry #15]. In addition, Magistrate Judge

---

[1] This caption reflects only the remaining defendant, as all other originally-named defendants have been dismissed from this case.

Rogers recommended all remaining Defendants be dismissed, as more than 120 days had passed since the action was filed and no proof of service had been filed. *Id.* Plaintiff objected to Judge Rogers' Report and Recommendation and attached as an exhibit to the objection a proof of service having been effected on Covington prior to the case's removal to federal court. [Entry #18]. As a result, the Honorable Terry L. Wooten dismissed all defendants except for Covington on March 12, 2009.

It appears from a review of Plaintiff's prior proceedings in this court[2] that Covington is the father of at least one of Plaintiff's children. *See Reaves v. County of Mecklenburg*, C/A No. 4:07-1334-TLW. However, the complaint is not clear what causes of action, if any, are brought against Covington. The complaint only states that Covington made false statements to Marion County Law Enforcement. Covington has not made an appearance and the court has never received an address for him in this action. Although this matter has been pending since it was removed on May 22, 2008, there has been no activity in this case by any party since Judge Wooten's March 12, 2009 order. This case was assigned to the undersigned magistrate judge on April 1, 2010. A notice of reassignment and change in case number was mailed to Plaintiff on April 2, 2010, but was returned as undeliverable. [Entry #26, #28].

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). This court takes judicial notice of Plaintiffs' prior cases.

II.     Discussion

As Plaintiff is proceeding pro se, the court entered an order on June 4, 2008 directing Plaintiff to keep this court apprised of any change in address:

> You are ordered to always keep the Clerk of Court advised in writing (Post Office Box 2317, Florence, South Carolina 29503) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order**. Therefore, if you have a change of address before this case is ended, you must comply with his order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court.** Your failure to do so will not be excused by the court.
>
> Put this order with your own record of this case so that you will not overlook your duty. If your address changes in the future, you must provide the Clerk of Court with your own new address.

[Entry #11] (emphasis in original). Plaintiff has failed to comply with this order, and as a result, the court has no means of contacting her concerning her case. Additionally, Plaintiff has not pursued this action in any regard since February 26, 2009, almost a full two years ago.

Furthermore, the undersigned cannot discern a justiciable controversy over which the court has jurisdiction. Although Plaintiff has alleged Covington provided false information to various Marion County Law Enforcement entities, she has made no more specific allegations and has identified no cause of action against him. A review of the complaint suggests that Plaintiff's causes of action for assault, false imprisonment, false

arrest, and denial of due process were asserted only against the now-dismissed Defendants.

Based on the lack of activity in this case and Plaintiff's failure to keep the court apprised of her address in direct violation of a court order, it appears to the undersigned that Plaintiff wishes to abandon this action. Independently, her failure to clearly set forth a cause of action against Covington fails to demonstrate a case of controversy over which this court can maintain jurisdiction. For the foregoing reasons, it is recommended that this action be dismissed with prejudice, in accordance with Fed. R. Civ. P. 41(b). The Clerk is directed to send this Report and Recommendation to Plaintiff at her last known address.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

February 17, 2011  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**